UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ADONIER MALDONADO-CALDERON,

               Petitioner,

v.

KEVIN RAYCRAFT et al.,

               Respondents.

_____/

Case No. 1:26-cv-1640

Honorable Hala Y. Jarbou

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I.    Procedural History

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.7.)

In an order entered on May 22, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on May 28, 2026, (ECF No. 4.)

## II.    Relevant Factual Background

Petitioner is a native and citizen of Honduras. (Pet., ECF No. 1, PageID.3.) Petitioner entered the United States in 2022 and has remained in the United States since that time. (Form I-213, ECF No. 4-1, PageID.21.) In May 2025, ICE detained Petitioner. (Pet., ECF No. 1, PageID.4.) On June 4, 2025, an immigration judge (IJ) released Petitioner on a $7,500 bond. (Order, ECF No. 4-3, PageID.29.) Petitioner was arrested for an alcohol-related driving offense on December 26, 2025, and at that time, ICE issued a warrant for Petitioner's arrest. (Orange Cnty. Incarcerations Document, ECF No. 4-4, Page.ID.32, 33; DHS Warrant, ECF No. 4-5, PageID.35.) Thereafter, ICE took Petitioner into custody (*see* Dec. 2025, Form I-213, ECF No. 4-1), and on January 23, 2026, ICE cancelled Petitioner's immigration bond. (Notice, ECF No. 4-7, PageID.44.)

During a second § 1226 bond hearing held on April 29, 2026, the IJ with the Detroit Immigration Court denied Petitioner's bond request. (Apr. 29, 2026, Order of the IJ, ECF No. 4-9, PageID.53.) In a written order, the IJ concluded he did not have "authority to hear bond requests or to grant bond to aliens who are present in the United States without admission" under 8 U.S.C. § 1225(b)(2)(A). (*Id*.) Further, in the written order, the IJ also concluded that "[e]ven if the Court had the jurisdiction or authority to consider [Petitioner's] bond request, [Petitioner] has failed to meet his burden of demonstrating [he] is not a danger to the community, and [Petitioner] has failed to meet his burden of demonstrating [he] is not a flight risk." (*Id*.)

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-

related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy— 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

## IV.    Analysis

Noncitizens who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge.[1] *Lopez-Campos v. Raycraft*, Nos. 25-1965, 1969, 1978, 1982, 2026 WL 1283891 (6th Cir. May 11, 2026). Before initiating this action, after Petitioner's first bond was cancelled in January 2026, Petitioner had a § 1226 bond hearing in the Detroit Immigration Court, and the IJ issued a written decision denying Petitioner's request for bond on April 26, 2026. (Apr. 26, 2026, Order of the IJ, ECF No. 4-9.) In the IJ's written decision, the IJ concluded, *inter alia*, that "[e]ven if the Court had the jurisdiction or authority to consider [Petitioner's] bond request, [Petitioner] has failed to meet his burden of demonstrating [he] is not a danger to the community, and [Petitioner] has failed to meet his burden of demonstrating [he] is not a flight risk." (*Id.*)

---

[1] Respondents concede that § 1226 governs Petitioner's detention. (Resp., ECF No. 4, PageID.15.)

Although in the present § 2241 petition, Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner does not raise any constitutional claims regarding the April 2026 bond hearing. (*See generally* Pet., ECF No. 1.) Indeed, Petitioner's § 2241 petition does not mention the April 2026 bond hearing. (*See id.*) Under these circumstances, because Petitioner received a bond hearing, and Petitioner does not raise any claims regarding the bond hearing itself in the present action, the Court will dismiss the action without prejudice as moot.[2]

## **Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: June 8, 2026                                          /s/ Hala Y. Jarbou
                                                            HALA Y. JARBOU
                                                            CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Petitioner is free to challenge the nature of the bond hearing; however, any such challenge raises new claims that were not raised in Petitioner's original § 2241 petition and which are not presently before the Court. If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the April 2026 bond hearing, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.